UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BLACK,

    Petitioner,

v.                                                                          Civil Action Number: 2:09-cv-14203
                                                                            Honorable Denise Page Hood
DAVID BERGH,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a habeas case filed by a state prisoner pursuant to 28 U.S.C. § 2254. Michigan prisoner Daniel Black is currently incarcerated by the Michigan Department of Corrections at the Newberry Correctional Facility in Newberry, Michigan. He filed this *pro se* Habeas Petition challenging his 2007 no-contest, guilty-plea convictions of four counts of first-degree criminal sexual conduct (CSC I), two counts of second-degree criminal sexual conduct (CSC II), and four counts of third-degree criminal sexual conduct (CSC III). Petitioner's no-contest plea took place in the Circuit Court in Oakland County, Michigan. He is serving concurrent prison terms of nine to fifteen years for those convictions. In his Habeas Petition, he raises claims concerning his plea and sentencing agreement (claims I and VI), his sentence (claims II, III, and IV), and the effectiveness of trial counsel (claim V). For the reasons stated, the Court denies the Petition. The Court also declines to issue a Certificate of Appealability.

## I. BACKGROUND

On August 6, 2007, Petitioner pleaded no-contest pursuant to a *Cobbs*[1] agreement. The parties stipulated to the use of the police reports in order to establish a factual basis to support the no-contest plea. In the presentence report, under "Agent's Description of the Offense," it indicated that on January 13, 2007, Petitioner's wife filed a complaint with the Michigan State Police that Petitioner had been sexually assaulting their daughter on an ongoing basis, after finding text messages between them and photos on Petitioner's phone. After confronting her daughter, the daughter "broke down" and told her mother about her relationship with Petitioner, her adoptive father. She told her mother that she and Petitioner had sexual relations since she was fourteen-years old.

In accepting Petitioner's no-contest plea, the trial court stated the following with respect to the sentencing guidelines: "My understanding is that the People don't object to a nine year, as long as it's within the guidelines–the bottom of the guidelines, is that correct?" Plea Hr'g Tr. 13 Aug. 6, 2007. The prosecutor agreed. The trial judge then accepted Petitioner's no-contest plea as "understanding and voluntary." *Id.*

---

[1] *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993). A "*Cobbs* agreement" is an agreement in which the Michigan Supreme Court "authorized a particular type of plea agreement wherein a judge states the appropriate length of sentence, which is non-binding, but if the defendant subsequently pleads guilty, that defendant retains the absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Wright v. Lafler*, 247 F. App'x 701, 703 n.1 (6th Cir. 2007) (citations omitted).

On August 22, 2007, Petitioner appeared before the trial court for sentencing and was sentenced as described. However, prior to receiving his sentence, defense counsel argued that Offense Variable (OV) 10 of the guidelines was misscored at fifteen points, for predatory conduct, when it should have been scored at ten points. The trial court denied counsel's objection. Sentencing Tr. 5 Aug. 22, 2007.

Defense counsel also argued that the scoring of OV 19 at ten points should have been scored at zero. The trial court agreed and changed OV 19 to zero. Sentencing Tr. 6-7 Aug. 22, 2007.

The trial court then sentenced Petitioner accordingly.

Following his sentencing, Petitioner filed a Delayed Application for Leave to Appeal with the Court of Appeals, raising the following claims: (1) the matter should be remanded to the trial court for a determination of the actual terms of the *Cobbs* agreement; (2) the trial court erred in scoring OV 10; and (3) the presentence report and the sentencing-information report must be corrected to reflect the correct sentencing guideline range. He also filed a supplemental appellate brief, raising the following additional claims: the trial court erred in scoring OV 4, and trial counsel was ineffective for failing to object to the scoring of OV 4. The Court of Appeals denied his Delayed Application. *People v. Black*, No. 284928 (Mich. Ct. App. May 27, 2008).

Petitioner then filed an Application for Leave to Appeal the Court of Appeals' decision with the Michigan Supreme Court, raising the same claims, and adding a claim concerning whether the trial court sufficiently developed a factual record for his no-contest plea. On November 26, 2008, the Supreme Court issued an Order, stating:

> On order of the Court, the application for leave to appeal the May 27, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Oakland Circuit Court for the correction of the sentencing information report (SIR) to reflect the circuit court's changes made at the sentencing proceeding on August 22, 2007. MCR 6.425(E)(2). The circuit court shall forward a copy of the amended SIR to the Department of Corrections. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

*People v. Black*, 482 Mich. 1072, 769 N.W.2d 226 (2008) (Marilyn J. Kelly, J., would vacate the judgment of sentence and remand this case to the trial court for resentencing in accordance with the terms of the sentence agreement, under *People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993), to a minimum term at the bottom of the appropriate guidelines range, or, in the alternative, for the defendant to be given the opportunity to withdraw his pleas).

Petitioner neither filed a Motion for Relief from Judgment with the state trial court nor a Petition for a Writ of Certiorari with the Untied States Supreme Court. Rather, he filed this Habeas Petition on October 26, 2009, signed and dated October 21, 2009.

## II.  STANDARD OF REVIEW

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA), which provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16, 124 S.Ct. 7, 10 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20 (2000)). "[T]he 'unreasonable application' prong of [the statute] permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2534-35 (2003) (quoting *Williams*, 529 U.S. at 413, 120 S.Ct. at 1495). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21, 123 S.Ct. at 2535 (citations omitted).

Recently, in *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770, 786-87 (2011), the United States Supreme Court held:

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the

correctness of the state court's decision. *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Ibid.* "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Knowles v. Mirzayance*, 556 U.S. ----, ----, 129 S.Ct. 1411, 1413-14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

\* \* \*

Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

With those standards in mind, the Court proceeds to address Petitioner's claims.

### III. DISCUSSION

#### A. Claim I

In his first habeas claim, Petitioner alleges that this matter should be remanded to the trial court for a determination of the actual terms of the *Cobbs* plea and sentence agreement. Pursuant to the agreement, Petitioner agreed to plead no-contest "to the bottom of the guidelines of nine years, and with a maximum of fifteen years." Plea Hr'g Tr. 6 Aug. 6, 2007. The Court finds that this claim is not cognizable on federal-habeas review.

Federal-habeas review is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 480 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875 (1984). The United States Supreme Court "repeatedly has held that the state courts are the ultimate expositors of state law" in federal habeas proceedings. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1886 (1975) (citations omitted).

> At the plea hearing, the trial court stated:
>
> THE COURT: All right. All right. I'm satisfied that there is a factual basis. Now, um – pursuant to the Cobbs case, if I want to give you a sentence, if I haven't I'll repeat it, uh – I haven't said it to you directly, if I want to give you [a] sentence other than a minimum of nine years to [a] maximum of fifteen years, I'll let you withdraw your plea, is that your understanding? In other words, when I get a presentence report if I don't think that's appropriate I'll let you withdraw.

Plea Hr'g Tr. 12 Aug. 6, 2007.

Petitioner alleges that he was promised a sentence at the bottom of the guidelines, which would have been six to fifteen years. In actuality, at the plea hearing, Petitioner agreed to a sentence of nine to fifteen years. At sentencing, the guidelines were lowered because the trial court reduced OV 19 from ten to zero. That change dropped the guidelines range down from 108 months to 180 months to eighty-one months to 135 months. Petitioner's sentence of nine to fifteen years is within the guidelines range. Additionally, at no time during sentencing did Petitioner state that he was promised six to fifteen years if the guidelines were lowered.

To the extent that Petitioner claims that the trial court should have allowed him to withdraw his plea, this claim also is noncognizable. Under *Carwile v. Smith*, 874 F.2d 382, 385-386 (6th Cir. 1989), there is no federal constitutional right that requires a state

court to allow a defendant to withdraw a voluntary and intelligent plea.

Petitioner's rights and remedies related to his plea under the *Cobbs* agreement arise from a state-court decision and court rule, not the Constitution, laws, or treaties of the United States. *See Cobbs*, 443 Mich. 276, 505 N.W.2d 208; MCR 6.310(B)(2) (b); *Purifoy v. Stovall*, No. 08-11249, 2011 WL 768053 at *4 (E.D. Mich. Feb.1, 2011) (Edmunds, J.) (any remedy petitioner might have under *Cobbs* is based on state law and not the federal constitution).

Accordingly, the Court concludes that Petitioner's claim is noncognizable on federal-habeas review, and he is not entitled to relief.

### B.  Claims II and IV

In his second and fourth habeas claims, Petitioner alleges that the trial court erred in scoring OV 10 and OV 4, because the scoring was based on inaccurate information.  The trial court scored OV 10, which speaks to the exploitation of a victim's vulnerability, fifteen points, because of the victim's vulnerability of age and youth.  Mich. Comp. Laws § 777.40(1)(a).  Petitioner also alleges that the trial court erred in scoring OV 4, which speaks to the degree of psychological injury to the victim and says that ten points should be scored if the victim suffered serious psychological injury which required professional treatment.  Mich. Comp. Laws § 777.34(1)(b).

To the extent that Petitioner argues that the trial court erred in scoring the Offense Variables of the State's sentencing guidelines, his claims raise issues of state law and do not implicate any federal rights.  These claims also are noncognizable on federal-habeas review, because the claims are based on state law and cannot form the basis for habeas relief.  *Swarthout v. Cooke*, --- U.S. ---, 131 S.Ct. 859, 861 (2011)

("federal habeas corpus relief does not lie for errors of state law.") (quoting *Estelle*, 502 U.S. at 67, 112 S.Ct. at 480 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102 (1990)); see also *Landrum v. Mitchell*, 625 F.3d 905, 913 (6th Cir. 2010) (same).

Therefore, Petitioner's assertion that his sentence is invalid because the trial court incorrectly scored OV 10 and OV 4 under the State's sentencing guidelines fails to state a claim for federal-habeas relief because it is a state-law claim and noncognizable. *See Austin v. Jackson*, 231 F.3d 298, 300-01 (6th Cir.2000) (citing *Pulley*, 465 U.S. at 41, 104 S.Ct. at 875); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006) (Lawson, J.).  Habeas relief is not warranted.

To the extent that Petitioner argues that his sentence is invalid because it was based on inaccurate information, he also is not entitled to relief.  A sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct.  *See Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255 (1948); see also *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 592 (1972) (same); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing).  To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information.  *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v. Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992) (Gadola, J.).

In this case, Petitioner has made no such showing.  Rather, the record reveals

9

that the trial court considered the circumstances of the crimes, the presentence report, Petitioner's criminal history, and other permissible factors at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other matters. Petitioner's counsel did challenge the scoring of OV 10, though unsuccessfully. However, defense counsel was successful in challenging OV 19. There was no objection to the scoring of OV 4, thereby demonstrating acquiescence to the scoring.

With that, the Court finds that Petitioner has not shown that the trial court relied upon materially false or inaccurate information that he had no opportunity to correct in imposing his sentence. Habeas relief is not warranted with respect to these claims.

### C. Claim III

In his third habeas claim, Petitioner asserts that the presentence report and the sentencing-information report must be corrected to reflect that the sentencing guidelines range is eighty-one to 135 months and not 108 to 180 months. This issue has been resolved due to the Michigan Supreme Court's specific remand instruction. *See Black*, 482 Mich. 1072, 769 N.W.2d 226.

### D. Claim V

In his fifth habeas claim, Petitioner argues that habeas relief is warranted because he received ineffective assistance of trial counsel when counsel failed to object

to the scoring of OV 4.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [] by the Sixth Amendment." *Id.* at 687, 104 S.Ct. at 2064. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068. A court's review of counsel's performance must be "highly deferential." *Id.* at 689, 104 S.Ct. at 2065.

The Supreme Court has confirmed that a federal court's consideration of ineffective-assistance-of-counsel claims arising from state-criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and [section] 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, --- U.S. at ---, 131 S.Ct. at 788 (internal and end citations omitted). "When [section] 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Id.* at ---, 131 S.Ct. at 788.

Petitioner is unable to show that counsel's performance was deficient because

11

there was no reason for counsel to object to the scoring of OV 4. In order for a court to score ten points for OV 4, the court must determine that the victim's psychological injury may require professional treatment, whether it is sought or not. Petitioner had sexual relations with his adopted daughter on numerous occasions, enough to warrant a ten-count information. Whether Petitioner claims the victim is healthy, "was a willing participant," or that there was "no need for treatment," the Court concludes that this is clearly a situation where the victim may suffer psychological injury and later seek profession treatment. Counsel was not deficient for failing to object to the scoring.

Petitioner has not established that the calculation of his sentencing guidelines was either inaccurate or prejudicial. Moreover, he claimed at both his plea hearing and sentencing hearing that he was satisfied with his attorney. The evidence against Petitioner was substantial, and defense counsel negotiated a very favorable sentence. The Court therefore concludes that trial counsel's failure to object to the scoring of OV 4 did not amount to deficient performance and the alleged deficiency did not prejudice Petitioner. He is not entitled to habeas relief with respect to this claim.

### E. Claim VI

In his final habeas claim, Petitioner alleges that the trial court erred by failing to state on the record its factual basis for accepting the plea. Respondent alleges that this claim is unexhausted because Petitioner failed to raise the issue in the Michigan Court of Appeals. Rather, he first raised this issue in the Michigan Supreme Court.

While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S.Ct. 1671 (1987). For example, an unexhausted claim may be addressed if

pursuit of state-court remedies would be futile, see *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988) (Bell, J.), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  See *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on merits despite failure to exhaust state remedies).

The Court finds that the interests of justice are best served by addressing this issue because the claim lacks merit.  The claim may be denied despite the lack of exhaustion.  The Court therefore will address the merits of claim six.

There is no federal constitutional requirement that a factual basis be established to support a guilty or no-contest plea.  See *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975).  So long as a plea is intelligently and voluntarily entered, the federal constitution does not mandate that a factual basis supporting a guilty plea be established, or even that the defendant admit factual guilt.  *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582-583 (E.D. Mich. 2001) (Hood, J.).  Although Michigan Court Rule 6.302(D)(1) requires that a factual basis must be elicited from a defendant before accepting a no-contest plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty or no-contest plea.  *Id.* at 582.  "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes."  *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995).  Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his no-contest plea does not provide a basis for federal-habeas relief.

13

Petitioner's claim that the trial court never established on the record its factual basis for accepting the plea is incorrect. At Petitioner's plea hearing, the trial court stated:

> THE COURT: It is your own choice to plead?
> [PETITIONER]: Yes sir.
> THE COURT: All right. For [a] factual basis [for the plea,] [counsel] stipulate to the use of the police report that I've just been handed?
> [DEFENSE COUNSEL]: Yes, your Honor. For plea purposes only.
> THE COURT: All right. Agreed by the People?
> [PROSECUTOR]: Yes, your Honor.
> THE COURT: All right. All right. I'm satisfied that there is a factual basis.

Plea Hr'g Tr. 11-12 Aug. 6, 2007.

Because there was a factual basis for the plea stemming from the information contained in the police report and, because the claim is noncognizable on federal-habeas review, the Court concludes that Petitioner is not entitled to habeas relief with respect to this claim.

### F. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120

S.Ct. 1595, 1604 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate its conclusion. The Court will decline to issue Petitioner a COA.

### IV. CONCLUSION

The state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.

Accordingly, it is ORDERED that the Petition for Writ of Habeas Corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the Court DECLINES to issue Petitioner a COA.

IT IS SO ORDERED.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: April 27, 2012

I hereby certify that a copy of the foregoing document was served upon Daniel Black #658237, 3001 Newberry Avenue, Newberry, MI 49868 and counsel of record on April 27, 2012, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager